**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Charlie L. Morgan,<br>Petitioner<br>-vs-<br>Charles Ryan, et al.,<br>Respondents. | CV-15-2646-PHX-SPL (JFM)<br><br>**Report & Recommendation<br>on Petition for Writ of Habeas Corpus** |

### I.   MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Douglas, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 23, 2016 (Doc. 8).  On July 29, 2016 Respondents filed their Limited Answer (Doc. 19).  Petitioner has not filed a Reply.

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND
**A.   FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL**

On May 25, 2015, Petitioner was indicted on the following charges: (1) ten counts of sale or transportation of marijuana (Counts 1, 2, 3, 4, 7, 9, 11, 12, 15, 17); (2) seven counts of sale or transportation of dangerous drugs (Counts 5, 6, 8, 10, 13, 14, 16); (3) one count of conspiracy to commit armed robbery (Count 18).  Other co-indictees

1

were also named, and included in additional counts.  (Exhibit A, Indictment.) (Exhibits to the Answer, Doc. 19, are referenced herein as "Exhibit ___.")

Petitioner eventually entered into a written Plea Agreement (Exhibit C), wherein he agreed to plead guilty to one count of conspiracy to commit armed robbery, with a stipulated sentence of 7 to 13 years.  Petitioner entered his plea pursuant to the Plea Agreement on January 23, 2014.  (Exhibit D, R.T. 1/23/14.)

A Presentence Investigation Report (Exhibit B) was prepared, recommending imposition of the presumptive sentence, to be served consecutively to a simultaneously recommended sentence on other drug charges.  On April 3, 2014, Petitioner was sentenced to seven years on the charge, with the sentence to be concurrent with the simultaneously imposed sentence of one year in the other case. (Exhibit E, R.T. 4/3/14 at 14-15.)  The court found aggravating factors to include: pecuniary gain, multiple acts, prior felony convictions, accomplices, and major participant.  (*Id.* at 13.)  The court found mitigating factors to include: strong family support, prior felonies were old, and no weapon used.  (*Id.* at 13-14.)

Petitioner signed a Notice of Rights of Review (Exhibit F) outlining his limited right to review through post-conviction relief.

**B.      PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal. (Amend. Petition, Doc. 8 at 2; Exhibit G, Trial Court Docket (reflecting no post sentencing filings by Petitioner, Defendant "2").)

Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

**C.      PROCEEDINGS ON POST-CONVICTION RELIEF**

Petitioner did not institute a post-conviction relief proceeding.  (Amend. Pet., Doc. 8 at 3-4; Exhibit G, Trial Court Docket (reflecting no post sentencing filings by

2

Petitioner, Defendant "2").)

### D. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (dated December 22, 2015) on December 28, 2015 (Doc. 1).  The Court dismissed the original Petition with leave to amend, for failure to identify any constitutional provisions or rights violated.  (Order 2/1/16, Doc. 7 at 2.)

Petitioner filed his Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (dated February 15, 2016) on February 23, 2016 (Doc. 8).  Petitioner's Amended Petition asserts the following four grounds for relief:

> (1) Petitioner alleges that his Fourteenth Amendment rights were violated because he was entrapped when the undercover police officer "enticed [Petitioner] by starting the entire situation";
> (2) Petitioner alleges that his Sixth and Eighth Amendment rights were violated when his attorney refused to go to trial and because he was subjected to "entrapment by estoppel" when "[the] officer brought this idea over [and] over to [Petitioner] until they got [Petitioner] to go along with them";
> (3) Petitioner alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated because his attorney provided ineffective assistance when he agreed to a plea bargain and failed to investigate the "entrapment or entrapment by estoppel" defenses; and
> (4) Petitioner alleges that his Sixth and Fourteenth Amendment rights were violated because he was not provided a copy of the presentence report to review.

(Order 3/3/16, Doc. 9 at 2.)

Petitioner seeks to excuse his failure to exhaust state remedies based on the lack of advice from counsel (*id.* at 5), and to excuse his failure to timely file the instant Petition by asserting that he just learned of the availability of habeas review (*id.* at 11).

**Response** - On July 29, 2016, Respondents filed their Limited Answer ("Answer") (Doc. 19).  Respondents argue that the Amended Petition is barred by the habeas statute of limitations, Petitioner has procedurally defaulted on his state remedies, and Ground 4 is not cognizable on habeas review.

3

**Reply** – In the Order filed August 5, 2016, the Court set a date certain of September 6, 2016 as the deadline for a reply by Petitioner. (Order 8/5/16, Doc. 20 at 2.) Petitioner has not replied or sought an extension of time to reply, and the deadline has passed.

### III.   APPLICATION OF LAW TO FACTS
**A.   TIMELINESS**

Respondents argue that Petitioner's one year habeas statute of limitations expired on April 3, 2015, and that the current Amended Petition is over 10 months late. (Answer, Doc. 19 at 5-7.)

**1.   One Year Limitations Period**

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**2.   Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] For an Arizona noncapital pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir.

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner proffers no argument that any of these apply.

4

2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Petitioner did not seek such review. Respondents thus argue that his date of sentencing, April 3, 2014, marks the finality of his conviction. (Answer, Doc. 19 at 5-6.) However, for purposes of the habeas statute of limitations a conviction does not become final until "expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). Petitioner had through Wednesday, July 2, 2014, 90 days after sentencing, to file his PCR notice. Accordingly, his conviction became **final on July 2, 2014**, when his right to seek review expired.

His one year habeas limitations period began running thereafter, and with no tolling would have expired on Thursday, July 2, 2015.

### 3. Timeliness Without Tolling

Petitioner's Amended Petition (Doc. 8) was filed on February 23, 2016. However, his original Petition (Doc. 1) was filed on December 28, 2015.

Applications for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Similarly, Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 15(c), Federal Rules of Civil Procedure provides that an "amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." However, an amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set

forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). The original and amended claims must, instead, be "tied to a common core of operative facts." *Id*. at 664.

Because it does not affect the outcome, the undersigned assumes for purposes of this Report & Recommendation, in Petitioner's favor, that Petitioner's claims in his Amended Petition arise from the same core of operative facts as his original Petition, and thus relate back to filing of the original Petition.

Although Petitioner's original Petition was filed by the Clerk on December 28, 2015, it is dated December 22, 2015. (Doc. 1 at 11.) "In determining when a *pro se* state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Apart from the date of the Petition, Petitioner proffers nothing to suggest that his Petition was delivered to prison officials for mailing, or that it was delivered prior to its filing date. Because it would be reasonable to assume that Petitioner did deliver his petition to prison officials for mailing, and to assume that it was done prior to the filing date, and because it does not affect the outcome, the undersigned presumes (in Petitioner's favor) that his Petition was delivered to prison officials for mailing on the date it was signed, and that it should be deemed "filed" as of that date.

As determined in subsection (1) above, without any tolling Petitioner's one year habeas limitations period expired no later than July 2, 2015, making his December 22, 2015 Petition over five months delinquent.

### 4. <u>Statutory Tolling</u>

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision only applies to state proceedings, not to federal proceedings. *Duncan v. Walker*, 533 U.S. 167 (2001).

Here, Petitioner has never filed a State application for post-conviction relief or

other collateral relief, and thus is not entitled to any statutory tolling. Consequently, his habeas **limitations period expired on July 2, 2015**, and Petitioner's habeas petition was over five months delinquent.

5. **Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Apart from his *pro se* status and ignorance of the availability of habeas review, Petitioner does not proffer any grounds for equitable tolling, and the undersigned finds none.

"It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert,* 465 F.3d 964, 970 (9th Cir. 2006). A prisoner's "proceeding

7

*pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  See also *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").  And, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).

Moreover, Petitioner proffers nothing to show that he was diligent in pursuing his habeas rights in light of his disabilities.

Accordingly, the undersigned finds no basis for equitable tolling of the statute of limitations.

**6.     Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013).  To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.*  at 1936 (quoting *Schlup,* 513 U.S. at 316).

Petitioner makes no such claim of actual innocence in this proceeding.  At most, Petitioner raises assertions of entrapment.  Assuming *arguendo* that a defense of entrapment could, if adequately proven, establish a showing of actual innocence,

Petitioner offers no new, reliable evidence to support that contention.[2]

Under Arizona law, "to assert an entrapment defense, a defendant must admit the substantial elements of the charged offense, [Ariz. Rev. Stat.] § 13–206(A), and must prove each of the following by clear and convincing evidence: (1) the idea of committing the offense originated with law enforcement officers or their agents and not with the defendant; (2) officers or their agents 'urged and induced' the defendant to commit the offense; and, (3) the defendant 'was not predisposed to commit the type of offense charge'" before being urged and induced by the officers or their agents to commit it, § 13–206(B)." *State v. Williamson*, 236 Ariz. 550, 562–63, ¶¶ 41-42, 343 P.3d 1, 13–14 (App. 2015). Thus, "[e]ntrapment does not exist where law enforcement officers have merely afforded an opportunity for a predisposed person to commit a crime." *State v. Gessler*, 142 Ariz. 379, 382, 690 P.2d 98, 101 (App.1984).

Here, Petitioner simply offers the conclusory allegations that "the police…enticed me by starting the entire situation the officers supplied everything needed to commit the offenses they supplied mask gloves, bags, zip ties, and took me to the location of the crime and put gas in the vehicle to get me [there]." (Amend. Pet., Doc. 8 at 6.) Petitioner proffers nothing to show that the idea of the offense (as opposed to the "situation") originated with police, or that he was not predisposed to committing the offense.

Moreover, Petitioner pled guilty to the offense of *conspiracy* to commit armed robbery. As recognized in *Gessler*, even if law enforcement provided all of the ingredients of the substantive offense (in this case, armed robbery), entrapment is not shown when the defendant has committed the separate offense of conspiring with non-law enforcement personnel to commit the offense. *Gessler*, 142 Ariz. at 384, 690 P.3d at

---

[2] "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. U.S.*, 523 U.S. 614, 624 (1998). The undersigned assumes *arguendo* that the dismissed charges of sale or transportation of marijuana and dangerous drugs would not qualify as "more serious charges," although they might, particularly if considered cumulatively.

103. Petitioner admitted at his plea proceedings that "the conspiracy was really, as alleged here, not with the undercovers, but with the other individuals as set forth in the indictment." (Exhibit D, R.T. 1/23/14 at 16.) Petitioner proffers nothing to show that he was entrapped into the conspiracy with his co-defendants and others, as opposed to the underlying armed robbery.

Thus, Petitioner's allegations would not be sufficient to establish entrapment, and thus to establish his actual innocence.

**7.  Summary re Statute of Limitations**

Petitioner's one year habeas limitations period commenced running on July 3, 2014, and expired on July 2, 2015. Adopting *arguendo* assumptions in Petitioner's favor regarding relation back of his amended petition and applicability of the prison mailbox rule, Petitioner's petition can be deemed filed no earlier than December 22, 2015, making his Petition more than five months delinquent. Petitioner has shown no basis for statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

**B.  OTHER DEFENSES**

Because the undersigned concludes that Petitioner's Petition is plainly barred by the statute of limitations, Respondents other defenses are not reached.

**IV.  CERTIFICATE OF APPEALABILITY**

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

V.     **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed February 23, 2016 (Doc. 8) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.     EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 1, 2016

*James F. Metcalf*
United States Magistrate Judge

15-2646r RR 16 10 31 on HC.docx